IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert E. HENKE, Attorney at Law.

Supreme Court

*No. 84–781–D. Filed January 10, 1985.*
(Also reported in 359 N.W.2d 924.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Robert E. Henke to practice law in Wisconsin be suspended for six months for failing to pursue an appeal on his client's behalf, as he had been retained to do, for failing to notify his client of his decision not to pursue the appeal, and for failing to return the $3,500 retainer he had received to represent the client on appeal. The referee also recommended that the reinstatement of Attorney Henke's license be conditioned upon his refund of the retainer. We determine that a suspension of Attorney Henke's license is appropriate discipline under the circumstances of this case, and we accept the referee's recommendation that reinstatement be conditioned upon refund of the retainer. Concerning the length of the suspension of Attorney Henke's license, we conclude that a 90-day suspension is appropriate discipline.

Attorney Henke was admitted to practice law in Wisconsin in 1955 and practiced in Neenah until the spring of 1984, when he moved to Milwaukee. He was suspended from the practice of law on November 19, 1984,

for failing to comply with the court's continuing legal education rules, and he was suspended from the state bar on November 20, 1984, for nonpayment of bar dues.

In July, 1978, Attorney Henke was retained for the purpose of appealing a client's felony conviction, for which he requested and was paid a $3,500 retainer by the client's mother. Attorney Henke ordered and reviewed the client's trial transcript and discussed the matter with the public defender who had represented the client at trial. Attorney Henke concluded that an appeal of the conviction would have been without merit and decided not to file the appeal. However, he failed to notify his client of that decision, and he did not return any portion of the retainer he had received to represent the client on appeal.

The referee, Attorney Robert P. Harland, concluded that Attorney Henke's failure to notify his client of the decision not to appeal the conviction violated SCR 20.34 (2) (b). In addition to concluding that Attorney Henke also violated his ethical and contractual duty to return the retainer promptly upon his decision not to pursue the appeal, the referee concluded that Attorney Henke violated SCR 11.05 by not having treated the $3,500 retainer as trust fund monies, that is, an unearned advance, to be returned promptly upon his decision not to pursue the appeal. This conclusion was based on the referee's findings that Attorney Henke initially advised his client that the cost of an appeal, if taken, would be $3,500, and the client paid him that sum specifically to cover the costs of the appeal.

We accept the referee's findings of fact and conclusions of law, but the recommended six-month suspension of Attorney Henke's license to practice law is excessive discipline in this case. Attorney Henke has not been disciplined previously for unprofessional conduct, and it appears that his failure to return the retainer was due

to financial problems, rather than to any wilful refusal to do so. We agree with the referee, however, that refund of the retainer be made a condition of the reinstatement of Attorney Henke's license following the period of suspension.

IT IS ORDERED as discipline for his unprofessional conduct in this matter that the license of Robert E. Henke to practice law in Wisconsin is suspended for a period of 90 days, commencing March 1, 1985.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, Attorney Robert E. Henke furnish satisfactory proof to the Board of Attorneys Professional Responsibility that he has refunded the retainer he had received in the felony appeal matter.

IT IS FURTHER ORDERED that Attorney Robert E. Henke comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Robert E. Henke pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,058.-49, provided that if the costs are not paid within the time specified and absent a showing by Attorney Henke of his inability to pay those costs within that time, the license of Attorney Robert E. Henke to practice law in Wisconsin shall be suspended until further order of the court.